For meaning of Abreviations, See Ternary Digest, page XII.

### No. 517

### PENNA. R. R. CO. v. RUSYNIK

### No. 20460.   Supreme Court

On motion to certify.  Dock. April 15, 1927, 5 Abs. 269.

301.   CONTRIBUTORY NEGLIGENCE — Where person stops truck to allow freight train to proceed far enough so that he may see oncoming train, is he guilty of contributory negligence as a matter of law?

Frank Rusynik was injured at a railway crossing when his truck was struck by a passenger train of the Pennsylvania R. R.  At the point of the crossing, there are two tracks upon which the trains travel in opposite directions, he had stopped to allow a freight train to pass and before he had a clear view of the track by reason of the freight train, he drove upon the crossing and was struck.  By his testimony he could not hear the crossing warning signal and smoke obscured his vision.  The Summit Common Pleas directed a verdict on the ground that Rusynik was guilty of contributory negligence as a matter of law.  The Court of Appeals reversed the lower court and the Railroad Co. contends in the Supreme Court:

1.   There is no conflict in the testimony and the plaintiff's conduct cannot be explained, giving it the most favorable construction possible, except on the theory of his own negligence.  Knowing that he was unable to see when he looked, had he looked east again before driving on the track, he could have stopped his truck instantly and avoided the collision.

2.   The authorities in the state support the contention of the company.  Railway v. Rohr, 114 OS. at 493; Railroad v. Lee, 111 OS. 391, etc.

Attorneys—Waters, Andress, Southworth, Wise & Maxon for Company; May & May for Rusynik; all of Akron.

Note:   OA. opinion wlil be found in 5 Abs. 464.

### No. 518

### KATZ v. GUARDIAN SAV. & TR. CO.

### No. 20451.   Supreme Court

On motion to certify.  Dock. 4-13-17, 5 Abs. 269.  Note:—Motion to certify, overruled, 5 Abs. 345.

147.   BILLS AND NOTES—Is a promissory note signed by a corporate name followed by the word "by" with the name of the indivuduals after a bracket, a corporate note or are the individuals so signing personally liable?

480.   EVIDENCE—Is it erroneous for the rial court to permit evidence to be introduced for the purpose of explaining the meaning of signatures to a promissory note?

126.   BANKS AND BANKING—When a bank has filed a proof of claim in bankruptcy, setting up a note as a corporation note, is it estopped from later claiming that the signatures of the note are signatures of individuals and from enforcing personal liability against the individual signers.

The United Mill and Lumber Co. gave its note for ninety days in the sum of $2000 to the Guardian Savings & Trust Company, of Cleveland, Ohio.  The note was in the usual cognovit form and the signature was as follows:—

"The United Mill and Lumber Co. By

H. Deutsch
S. H. Katz
Karl Roth.

After about $300 had been paid on this note, the corporation was thrown into bankruptcy.  The bank filed its claim against the corporation with the trustee in bankruptcy setting up the promissory note in question as obligation of the corporation to the bank.  The bank collected a little less than $600, from the trustee in bankruptcy.  These two actions were commenced by the two plaintiffs herein, in the Municipal Court in the City of Cleveland, each claiming to have funds on deposit in the Bank, which were being wrongfully withheld.  The bank admitted the deposit of the money, but set up as cross-statements of claims the promissory note above described, claiming that the plaintiffs were liable as individual makers.  The Municipal Court found for the Bank.  The Court of Appeals affirmed the judgment of the Municipal Court.  The plaintiff herein asks an order directing the Court of Appeals to certify its record and claim as follows:—

1.   That the note on the face of it is clearly a corporation note under the laws of this State and not the note of the individuals.

2.   That the trial court erred in admitting evidence for the purpose of creating a different situation respecting the signatures on the note than existed on the paper upon which the suit was based.  Blosser v. Enderlin, 113 OS. 121.

3.   That the bank having filed its proof of claim in bankruptcy, setting up the note as a corporate note, was estopped from claiming in a later judicial proceeding that the note was the obligation of the individuals.

Attorneys—J. B. Oviatt and Paul Howland for Katz et; Squire, Sanders & Dempsey for Bank; all of Cleveland.